## DOUG MEARS V. THE STATE.

### No. 9737.   Delivered February 17, 1926.

### Rehearing denied March 24, 1926.

**1.—Receiving and Concealing Stolen Property—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complains of the court's action in permitting the State to ask a witness a question, and does not disclose whether or not the question asked was answered by the witness, no error is shown in such bill.

**2.—Same—Evidence—Of the Theft—Properly Admitted.**

Where, on a trial for receiving and concealing stolen property, the evidence disclosed that appellant was found in possession of ten sacks of the stolen sugar, it was permissible for the State to make full proof of the theft, and of the entire amount of sugar taken, and if it was established that appellant received and concealed a part of the stolen property amounting in value to $50.00 or over, knowing that same was stolen at the time he received and concealed it, this would justify his conviction.

**3.—Same—Evidence—Properly Admitted.**

In establishing its case, the State had the right to prove the theft of the sugar and the amount taken, and in doing so it was permissible to show that it was taken by Wunsch, and in making this proof it was pertinent to show any incriminating statements made by Wunsch prior to the time of the theft. The testimony being ample to support the conviction, the cause is affirmed.

#### ON REHEARING

**4.—Same—Accomplice Testimony—Corroboration Of—Sufficient.**

Where appellant was found in possession of a part of the stolen property, which was concealed, the thief being with him at the time, and other cogent facts and circumstances were shown, this was a sufficient corroboration of the testimony of the accomplice fully making out the State's case against the appellant.

Appeal from the District Court of Orange County. Tried **below** before the Hon. V. H. Stark, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*DeWitt C. Bennett* and *C. R. Sholars* of Orange, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is receiving and concealing stolen property of the value of more than $50.00, and the punishment is two years in the penitentiary.

By bill of exceptions No. 1, appellant complains at the court's action in permitting the state to ask the witness Cloud as to whether the Orange Grocery Company is a corporation. The bill fails to show that the witness answered this question. No error is shown by this bill.

Appellant also complains at the court's action in permitting the state to prove that twenty six sacks of sugar were stolen. It seems to be appellant's contention that because the indictment charges the concealing of only ten sacks that the state must be limited to this number in making proof of the theft. Appellant's contention is without merit. It was proper to permit the state to show the amount of sugar that was stolen by Wunsch, the party from whom it is alleged the appellant received the stolen property. We think it was entirely proper for the court to permit full proof of the theft by Wunsch of the entire amount of sugar taken by him from the alleged injured party and when the state showed that the appellant was found to have received and concealed any part of said sugar so stolen amounting in value to $50.00 or over, then the offense was proven provided it was shown that appellant knew that it was stolen at the time that he received and concealed it.

We think no reversible error is shown in the court's action in ruling on the admissibility of the testimony of the witness Cloud as to what he testified on a former trial of the case. It is undisputed in this record that twenty-six sacks of sugar were stolen from the corporation for which Cloud was manager and it is undisputed in this record that appellant received and concealed more than $50.00 worth of the same.

Bill of exceptions No. 6 also fails to show error because as above stated the state had the right to show that the sugar was stolen by Wunsch and in making this proof it was perti-

nent to show any incriminating statements that may have been made by Wunsch prior to the time of the theft.

This case is before us on a statement of facts that shows conclusively the guilt of the appellant and there is no testimony found in this record in any wise explaining in a manner consistent with his innocence the possession of the sugar in question. The jury has seen fit to give him the lowest penalty provided by law and there being no errors disclosed by the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—In his motion for rehearing appellant urges that the testimony does not connect him with the theft or concealment of the alleged stolen sugar; also insisting that it is not shown that he knew the sugar if found under his charge, to have been the subject of theft; also that the accomplice witness was not corroborated.

The testimony is short. The manager of the Orange Grocery Company said 26 sacks of sugar were stolen of the value of approximately $7.00 each. Sixteen sacks of said sugar were found in an old outhouse about six miles north of Orange. No one was living at the place where this sugar was located. When the party got to the premises appellant and one Wunsch were sitting on the porch of the building in which the sugar was located. Eight sacks of the sugar were found in the house where appellant's mother lived, his wife and sister being at the house at the time. Truck tracks were followed from the Orange Grocery Company's building to the house of appellant's mother and from there to the place where the 16 sacks were found. It was in testimony that a truck making such tracks as were thus found, was rented about 12 o'clock at night to Mr. Wunsch, who was found on the porch with appellant. An accomplice witness testified fully making out the state's case against appellant. The above is ample corroboration.

Being unable to agree with any of the contentions made in appellant's motion, same will be overruled.

*Overruled.*